GIDEON LEE KNAPP and HARRY K. KNAPP, Respondents, *v.* MARIA M. KNAPP and EVELINE K. HOLLINS, Appellants, Impleaded with Others.

*Power of sale — construction of the provisions of a will conferring a power of sale upon the executors.*

After giving and devising to his wife a house and lot and certain articles of personal property, one William K. Knapp gave and devised all the rest, residue and remainder of his estate, both real and personal, to his wife for and during her natural life, and upon her death he gave and devised the same in equal shares to his children then living, and the issue then living of the children then dead, such issue to take *per stirpes* and not *per capita*. He authorized and empowered his executors to make actual partition and division of any real estate in which he, at the time of his death, should have an estate as tenant in common with any other person, and authorized and empowered his executors, or such of them as might qualify, and the survivor of them, "in his or her discretion, for the purpose of paying debts or necessary expenses, or of making partition and division of my estate, or for any of the purposes of this my will, to sell either at public or private sale, and upon such terms as to them may seem proper, all or any of my real estate wheresoever situated," and to execute and deliver deeds.

In carrying out an agreement, entered into by all the parties in interest for making an actual partition of certain real estate, of which William K. Knapp was, at the time of his death, a tenant in common with others, it became necessary to sell one lot on Beach street, as it could not be actually partitioned among the owners of such lot. The widow, who was the sole surviving executrix, of William K. Knapp, having with others entered into a contract for the sale of the lot, and objections being made as to her power to convey, this action was brought to enforce the agreements for the actual partition and contract of sale, the widow assenting and offering to convey as executrix and individually.

*Held,* that even during the life estate, the widow joining therein, the sale of the interest of William K. Knapp in the lot was authorized by the provision contained in his will. *Gast* v. *Porter* (1 Harris [Pa.], 533) followed.

That, under a deed executed by the widow, as sole surviving executrix and individually, reciting that the sale was made to complete the partition, and that this lot was incapable of being otherwise divided, and that the sale was made for the purposes of the will, a clear title to the interest of William K. Knapp, would be acquired by the grantee.

Appeal from so much of a judgment entered at Special Term in the above entitled action as determines that the power of sale contained in the last will and testament of William K. Knapp, deceased, is not a valid and existing power.

Shepherd Knapp died seized of a large amount of real property, which, by his will, he devised to his four sons, Shepherd F. Knapp, Peter K. Knapp, Gideon Lee Knapp and William K. Knapp. This

property has not yet been divided, and is almost wholly unimproved and unproductive. Gideon Lee Knapp died July 15, 1875, leaving a will with power of sale to his executors, and also power to make actual partition and division of any real estate which, at the time of his death, he should own in common with others.

William K. Knapp died September 26, 1877, leaving a will which contained a power of sale to his executors and a like power to make partition.

Prior to the commencement of this action, Shepherd F. Knapp and Peter K. Knapp (who were the surviving sons of Shepherd Knapp), Augustus S. Knapp, Shepherd F. Knapp and Edward S. Knapp, executors, etc., of Gideon Lee Knapp, and Maria M. Knapp, sole surviving executrix of William K. Knapp, entered into an agreement to make actual partition of all the lands devised by the will of Shepherd Knapp, deceased, and of which he died seized, except one piece of real property situate on Beach street in the city of New York. This last mentioned property the same parties desired to sell, and had made a contract for that purpose. Objection having been made that the powers contained in the wills of Gideon Lee Knapp and William K. Knapp were insufficient to authorize the executors named in said wills to make the actual partition agreed upon, and doubt having also been suggested as to the power of the executrix under the will of William K. Knapp to carry out the agreement for the sale of the Beach street property and convey a good title thereto, this action was brought for the purpose of obtaining partition and sale of all of the real property of which Shepherd Knapp died seized. Maria M. Knapp, the widow of William K. Knapp, both individually and as sole surviving executrix under his will, answered the complaint, setting up the agreement for actual partition of the unimproved property, and asked that the same be enforced, and also in the same answer alleged the agreement to sell the Beach street property, and asked that the court should likewise determine that there is a sufficient power now existing under the last will and testament of William K. Knapp, deceased, to enable her, as such executrix, to carry out the contract for the sale of that property, and convey a good title thereto, or to any other real estate of which her husband died seized, which it might seem to her expedient should be sold. The case came on for trial before Judge

Ingraham at a Special Term, and he decided that the power to make partition contained in said will was a valid and existing power, and decreed the performance of the agreement for actual partition. He also held that the power of sale contained in the will of William K. Knapp, although valid, was not an existing power and could not be exercised during the lifetime of the widow and executrix, and granted judgment for the sale in partition of the Beach street property. The widow, both individually and in her capacity as executrix, and the adult children and devisees of said William K. Knapp, have appealed from so much of said judgment as so decides, and this appeal presents the single question of the construction of the power of sale contained in his said will.

*J. A. Burr*, for the appellants.

*S. H. Comber*, guardian, etc., for the respondents.

Brady, J. ;

Upon the hearing of this case at the Special Term two questions were presented for consideration, one of which was whether the executors of William K. Knapp or the survivor of them had a valid power to make partition and division of any real estate of which he died seized in common with others, and the other was whether the power of sale contained in the will was sufficient to enable the executrix to convey a title to certain property, a part of the testator's real estate for which a contract of sale had been made.

The learned trial judge held that the power to make a partition was valid, but that the power of sale could not be exercised, inasmuch as until the termination of the life estate given to the widow, no partition of the testator's property could be made.

The fifth clause of the will under which the power of sale if it exists is conferred, is as follows : " Fifth. I authorize and empower my said executor and executrix, or such one of them as may qualify and take upon him or herself the execution of this my will, and the survivor of them, in his or her discretion, for the purpose of paying debts or necessary expenses, or of making partition and division of my estate or for any of the purposes of this my will to sell, either at public auction or private sale, and upon such terms as to them may seem proper, all or any of my real estate wheresover situate, and

good deeds or instruments of conveyance thereof to make, execute and deliver."

It will become apparent that the power of sale is discretionary, although it may be thought that the purposes for which it is to be exercised are restricted. The power may be exercised for the purpose of paying debts or necessary expenses, or of making partition and division of his estate, or for any of the purposes of his will. And it appears by the sixth clause that the executors or the survivor of them might from time to time make actual partition and division of any real estate which at the time of his death he might have in common with any other persons, and to do all things necessary to accomplish the perfect exercise of the power, in the same manner as if it had been completed by him before his decease.

The particular object of making the sale of the Beach street property, which is the only parcel the sale of which is contemplated, does not appear, and perhaps that fact has no important bearing upon the question, the power conferred being so broad. It is as we have seen, for any of the purposes of the will. One of the purposes was to secure to his wife the enjoyment of the remainder of his estate, both real and personal, except what was disposed of by the first and second clauses, which substantially directed the payment of his debts and funeral expenses, and bequeathed to the widow certain personal property. She was, therefore, to enjoy the income of the estate, the remainder passing to his children living at her death, and the issue then living of any children then dead, such issue to take *per stirpes* and not *per capita*.

It will have been observed that the authority to make partition from time to time was absolute, and if for that purpose in the exercise of her discretion the executrix thought it proper to sell any portion of the estate, the power was conferred.

It might well be that one distinct parcel of property might not be susceptible of partition, and might complicate any attempt at a partition of the whole estate, and therefore become very properly the subject of a distinct independent sale in the exercise of a wise discretion, and which should be assumed to exist unless the contrary appear, which is not the case here.

It is true, as said by the learned judge in the court below, that the extent of the power depends upon the instrument creating it,

and no intention is entertained of invading this principle, the power itself being regarded as sufficiently comprehensive to authorize a sale. The intention of the testator, which is the guiding rule of interpretation, to invest his executors or the survivor of them with absolute discretionary power to sell is manifest. Nothing can be much more sweeping than the phrase " for any of the purposes of this will," which includes every possible phase in which such an instrument can be considered.

It is thought, therefore, that the learned justice was in error in his construction of the fifth clause of the will which has been quoted herein. But independently of that view it appears that the executrix, who is the survivor of the power, is willing to unite, not only in the partition, but in the sale both individually and as executrix; and indeed appeals with others from the judgment rendered below on the question of the power of sale, and thus all possible objection is removed which might be urged against the legality of the proceeding.

In *Gast* v. *Porter* (1 Harris [Pa.], 533), a kindred question was discussed. The will provided that at the decease of the testator's wife the property specified for her use and benefit was to be sold and the amount divided equally among his children, one of them being excepted. The defendant claimed under the conveyance executed by the wife and the executors, and the plaintiff insisted that the deed was void for want of power in the executors to sell during the widow's life. The court in an elaborate opinion held that the defendants claim under the deed was well established, the power to sell at the death of the widow being well executed if the widow, for whose benefit the sale was postponed, joined in the deed. Here the widow is entitled to a life estate and she joins in the contract upon which the property is to be sold, and, therefore, the only impedient, namely, the life estate, is by her act removed; and this seems to be a conclusive answer to the proposition that the power of sale could not be exercised during her lifetime. It is conferred upon her with an interest, and which interest, constituting the only obstacle to its exercise, she removes by uniting in the transfer thus setting at rest all questions concerning it.

For these reasons it is thought that the judgment should be reversed in the respect named; and it be decreed that a proper

execution of the power of sale may be accomplished by the transfer by the widow individually and as executrix of the premises in question. The costs of this controversy to be paid out of the general fund.

DANIELS, J.:

The court by its judgment sustained the agreement for the division of the property by actual partition. But declined to sustain the agreement for the sale of the Beach street lot which cannot be actually partitioned between the parties. This sale is necessary to complete the partition by the division of its proceeds among the owners of the lot. As the partition was authorized by the power given to the executrix in the will, it seems to follow that the sale itself has been equally authorized. For by the power contained in the will a sale was expressly authorized " for the purpose of making partition and division of my estate or for any of the purposes of this my will." The facts brought a sale of this lot directly within this language. And as the life tenant is the executrix and herself consented to the sale no other person can be at liberty to object to it. The deed should recite the fact of the sale being made to complete the partition, and that this lot is incapable of being otherwise divided, and that the sale is made for the purposes of the will, and under such a deed a clear title will without doubt be conveyed. I, therefore, agree to the disposition of the appeal recommended by Mr. Justice BRADY.

VAN BRUNT, P. J., concurred.

Judgment reversed, and decree entered as directed, costs to be paid out of the fund.